UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ESLEY VICKERS,

    Petitioner,

    v.

GISELLE MATTESON, WARDEN,

    Respondent.

No. C 20-cv-08773WHA

**ORDER RE MOTION TO DISMISS HABEAS CORPUS PETITION**

## INTRODUCTION

Petitioner seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 for a state conviction that he alleges violated his Fourteenth Amendment due process rights. Respondent moves to dismiss the petition because petitioner still has a criminal appeal pending in state court. For the reasons stated below, respondent's motion to dismiss is **GRANTED**. The petition is **DISMISSED WITHOUT PREJUDICE.**

## STATEMENT

A Contra Costa County Superior Court jury found petitioner Michael Vickers guilty of second-degree murder and intentional discharge of a firearm for a shooting that occurred in December of 2014. The jury also found true the allegations of a prior strike and prior serious felony conviction. These enhancements (which were, at the time, mandatory) increased petitioner's sentence and he received 60 years to life in state custody. Petitioner appealed to

1   the California Court of Appeal, First Appellate District, which affirmed petitioner's conviction
2   in an unpublished opinion in June 2019 but remanded the case for potential sentence
3   modification. The First Appellate District believed it "necessary for the trial court to
4   determine whether to exercise its discretion to strike the firearm enhancement . . . [and] the
5   prior serious felony conviction enhancement" pursuant to California Penal Code Sections
6   12022.53 and 667, respectively. *People v. Vickers*, No. A153103, 2019 WL 2724758, at *7
7   (Cal. Ct. App. June 28, 2019). The California Supreme Court denied petitioner's request for
8   review on September 11, 2019. The First Appellate District issued a remittitur on September
9   24, 2019, and it is this date, petitioner argues, that marks the conclusion of litigation on the
10  issues raised in his petition (Dkt. Nos. 1 at 5–6; 12 at 1, 2; 13 at 2, 4).

On remand, the Contra Costa County Superior Court denied petitioner's motion to strike the prior conviction and gun enhancement in October 2020. It saw no need to dislodge its prior imposition of sentence and again petitioner received 60 years to life. Petitioner appealed to the First Appellate District on November 6, 2020 (Dkt. No. 13 at 2).

While that appeal was pending, petitioner turned to the federal courts. He filed a federal petition for writ of *habeas corpus* in December 2020, alleging violations of his Fourteenth Amendment due process rights in two instances: (1) when the trial court allowed petitioner's rap lyrics into evidence, and (2) when the trial court refused to strike the enhancements to petitioner's sentence (Dkt. No. 1 at 21, 31).

His appeal of his sentence remains pending as of this order (Dkt. Nos. 12 at 2; 13 at 2).

**ANALYSIS**

Comity and federalism require federal courts not to interfere with ongoing state criminal proceedings, barring extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). State appellate review remains part of state criminal proceedings and must be completed before a federal court may entertain an action. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Grants of injunctive or declaratory relief by a federal court, while state criminal proceedings chug along, could become moot should an appellate state court grant relief. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

To avoid premature federal court interference, *Younger* abstention applies when (1) state judicial proceedings remain pending, (2) the state proceedings involve important state interests, and (3) the state proceedings provide adequate opportunity to raise constitutional claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Our court of appeals recognizes a fourth element, namely (4) the federal court's action would interfere with the state proceeding by enjoining it directly, or have the practical effect of doing so, in a way that *Younger* rejects. *See Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004); *and AmerisourceBergen Corp. v. Roden ("ABC")*, 495 F.3d 1143, 1149 (9th Cir. 2007). Should all factors be met, a district court must refrain from entertaining the same issues under consideration in state judicial proceedings.

Petitioner argues that all state proceedings as to these two issues (introduction of rap lyrics and imposition of his enhancements for gun and a prior strike) concluded on September 24, 2019. Therefore, petitioner asserts, *Younger* abstention does not apply. Alternatively, petitioner argues that even if this order does contemplate the abstention elements, they are not met, and petitioner is entitled to relief in federal court. Lastly, petitioner requests a stay instead of an outright dismissal. Respondent opposes all of petitioner's arguments, asserting that *Younger* abstention would be proper, and highlights the fact that petitioner can file a new *habeas* petition once state proceedings conclude (Dkt. Nos. 12 at 2, 3, 4; 13 at 4, 5; 14 at 2–3).

This order finds *Younger* abstention appropriate.

*First*, state judicial proceedings clearly remain ongoing. In November 2020, plaintiff appealed the trial court's refusal to strike enhancements from petitioner's sentence. It remains ongoing. Petitioner filed his state appeal prior to filing his federal petition and so that state action must conclude before a district court can hear petitioner's due process claims, especially because one of the due process claims (the trial court's refusal to reduce petitioner's sentence) acts as the foundation for the ongoing state appeal. *Second*, state criminal proceedings implicate important state interests, and petitioner's appeal stems from a criminal conviction charged by the Contra Costa County District Attorney's office. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). *Third*, state proceedings provide adequate opportunity to raise

constitutional claims. The California judicial system will allow petitioner to raise constitutional concerns. *Fourth*, the federal court's action would interfere with the state proceeding by enjoining it directly or having the practical effect of doing so. Parsing the due process claims at this point would be inappropriate. Delving into the underlying trial before the California system has had its say would infringe the comity due our state courts. Respect for California's ability to adjudicate its own cases is a genuine concern. All elements for abstention have been met.

This order cannot grant petitioner's request to stay the proceedings and hold them in abeyance while allowing the pending state appeal to continue until completion. True, district courts may stay "mixed petitions" under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, that relief is available only when a petitioner has received a final decision from the state courts and already sought state *habeas* relief. In those situations, a petitioner needs time to *return* to state court; here, petitioner needs time to complete his state court proceedings. There is a meaningful difference. That is: the completion of a state court proceeding is a final decision. A final decision in state court triggers the ticking of AEDPA's one-year timeframe to file a federal *habeas* petition. Since petitioner has not received a final decision, *Rhines* does not apply. Petitioner will have his full one year to file a new petition after state proceedings become final. In fact, the appellate decision may bring up new claims that petitioner should include in his next federal *habeas* petition (Dkt. Nos. 2; 11 at 2; 13 at 5)

Lastly, petitioner contends, "[R]eduction of petitioner's sentence is unrelated to any [due process] claims made in this [district court]." To echo the reasoning in the first *Younger* element above, one of petitioner's *habeas* due process claims rests squarely *on* reduction of his sentence, the very focus of his pending state appeal. Therefore, this argument fails (Dkt. No. 13 at 2).

Petitioner's action will be dismissed, without prejudice, under the *Younger* abstention doctrine because of the pending appeal in the First Appellate District. Upon final decision in state court, this order urges petitioner to *promptly* file a new petition for writ of *habeas corpus*

in federal court, because of the *one-year statute of limitations from the date on which the direct review concludes.* See 28 U.S.C. § 2244(d).

This order sees no reason to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c). This is not a situation where "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Respondent's motion to dismiss the petition is **GRANTED.** Petitioner's request for a stay is **DENIED.**

Petitioner's action is **DISMISSED WITHOUT PREJUDICE.** Petitioner should *swiftly* file a new petition for writ of *habeas corpus* at the conclusion of his state proceedings. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 16, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5